IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERRICK LAUGHLIN,**

    Petitioner,

    v.                                       CASE NO. 20-3157-SAC

**ATTORNEY GENERAL OF KANSAS,**

    Respondent.

### ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and entered an Order to Show Cause (Doc. 4) ("OSC") granting Petitioner until August 7, 2020, in which to show cause why this matter should not be dismissed as untimely. The Court granted Petitioner an extension of time until September 8, 2020, in which to respond. (Doc. 7.) Petitioner has failed to respond by the Court's deadline.

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). The Court noted in the OSC that Petitioner's conviction and sentence were affirmed by the Kansas Supreme Court on April 19, 1996. Petitioner had ninety days from the date of the conclusion of direct appeal to seek certiorari. Where a prisoner declines to seek review in the Supreme Court, the limitation period begins to run the day after the ninety-day period for seeking review in the Supreme Court expires. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Because Petitioner did not seek review in the Supreme Court, his time began to run on or about July 19, 1996. Petitioner's one-year time limit ran long before he filed his state habeas action in 2004.

The Court found that the instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling.  Petitioner has failed to respond to the OSC by the Court's deadline and has failed to show good cause why this matter should not be dismissed.  Therefore, this matter is dismissed as barred by the one-year limitation period.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** as time-barred.

**IT IS FURTHER ORDERED THAT** no Certificate of Appealability will issue.

**IT IS SO ORDERED**.

**Dated September 10, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**